◼ MELODIES, INC., Respondent, v. ANNE LA PIERRE, Doing Business as Club 42, Appellant.— Appeal from an order of the Supreme Court, Albany County denying a motion by the defendant-appellant to dismiss the complaint for insufficiency in law. The action was brought for breach of a written contract under which the plaintiff agreed to supply and the defendant agreed to accept as coin-operated music service for a period four years from July 29, 1949. A copy of the agreement was attached to the complaint. The agreement provided that "it shall be automatically renewed for like periods in the event neither party gives written notice to the other party of its intention not to renew this agreement at least thirty (30) days and not more than sixty (60) days prior to its termination or any renewal thereof." The complaint alleged that the agreement was automatically renewed for a four-year period on July 29, 1953, in accordance with the terms of the agreement. On/or about July 16, 1956, the defendant discontinued the service. The complaint sought a recovery of the damages suffered by the plaintiff by reason of this alleged breach. The defendant-appellant contends that the automatic renewal clause was void as against public policy and that it was in violation of the provisions of section 399 of the General Business Law and section 230 of the Real Property Law. We do not believe that there is any basis in our law for declaring this clause to be void as against public policy, in the absence of an express legislative enactment to that effect. The public policy of the State is to be found in its Constitution and laws (*Mertz* v. *Mertz*, 271 N. Y. 466, 472). Section 230 of the Real Property Law is obviously not applicable since it deals only with leases of real property. Section 399 of the General Business Law may properly be held to be applicable to a service contract of the type here involved (*Peerless Towel Supply Co.* v. *Triton Press*, 3 A D 2d 249).

Under the section cited, a provision in a lease of personal property for an automatic renewal in the absence of notice by the lessee shall not be "operative unless the lessor, at least fifteen days and not more than thirty days previous to the time specified for the furnishing of such notice to him, shall give to the lessee written notice, served personally or by mail, calling the attention of the lessee to the existence of such provision in the lease". However, this statute did not go into effect until September 1, 1953, and the automatic renewal in this case became operative on July 29, 1953. Order appealed from unanimously affirmed, with $10 costs. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.